*facts.* Where there is no evidence that plaintiff's intestate was "between the age of six and seven years," or under seven years of age, an instruction assuming that such a fact exists is misleading and erroneous.

3. NEGLIGENCE, § 208*—*when instruction erroneous as omitting element of due care.* Where several instructions directed a verdict for the plaintiff if the jury found the facts as therein severally stated, but each instruction omitted entirely the element of the exercise of ordinary care by the deceased for his own safety, the instructions were erroneous and the error could not be cured by other instructions.

4. INSTRUCTIONS, § 119*—*when instruction erroneous as not based on evidence.* An instruction that submits it to the jury to find if a certain fact exists virtually tells them that there is evidence tending to prove such fact, and if there is no evidence tending to prove it the instruction is calculated to mislead the jury and is erroneous.

## James Arthur Doyle, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,810. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 10, 1914.

### Statement of the Case.

Action by James Arthur Doyle, a minor, by his next friend, against Chicago City Railway Co. for personal injuries sustained by plaintiff by being struck by one of defendant's street cars. Plaintiff recovered a judgment against defendant for four thousand dollars and costs. To reverse the judgment, defendant appeals.

Defendant urged as ground for reversal that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

verdict was against the weight of the evidence and excessive and that the court erred in giving for plaintiff the following instruction:

"The court instructs you that you are the judges of the credibility of the various witnesses who have testified in the case and of the weight you will give to the testimony of each. In doing this you may take into consideration the interest such witnesses may have in the result of the suit, if any; the relation of the witnesses testifying for either the plaintiff or defendant in that suit; any motive or inducement that may appear from the evidence in the case, if any does appear, that may influence such witness to testify falsely; the opportunities of the several witnesses for knowing the things about which they testify; the reasonableness or unreasonableness of the story told; its probability or improbability; its corroboration or want of corroboration by other credible testimony in the case; the appearance and demeanor of the witnesses while testifying; and from these and from all the facts and circumstances shown by the evidence in the case you are to decide how much weight you will give to the testimony of each witness who has testified in the case. The jury in determining the preponderance of the evidence as to a disputed point in the case are not to determine it alone by the number of witnesses testifying upon the one side or the other of such point, but are also to consider the credibility of the witnesses under the rule laid down above."

Defendant's objection to the instruction was that the plaintiff's case rested very largely upon his own testimony; that as to the most material of the disputed points, his testimony was contradicted by his two and defendant's witnesses, and that more witnesses testified for defendant than for the plaintiff, and that when an instruction attempts to define preponderance of the evidence and then gives an enumeration of matters proper to be considered by the jury but omits the num-

ber of witnesses testifying for and against, it is reversible error.

WATSON J. FERRY, for appellant; LEONARD A. BUSBY, WARNER H. ROBINSON and FRANKLIN B. HUSSEY, of counsel.

DARROW & BAILY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

INSTRUCTIONS, § 89*—*when instruction as to preponderance of evidence prejudicial.* The giving of an instruction with reference to determination of the preponderance of the evidence as to a disputed point in the case, which gave an enumeration of matters proper to be considered but omitted the element of the number of witnesses testifying for or against, *held* reversible error.

---

## Matilda Moses, Appellee, v. Illinois Commercial Men's Association, Appellant.

### Gen. No. 19,832.

1. INSURANCE, § 895a*—*admissibility of evidence.* In an action on a benefit certificate for insurance where the issue was whether the member committed suicide, the testimony of the beneficiary to the effect that she had seen the insured clean his revolver on several occasions prior to his death and that the conditions under which he cleaned it were similar to those existing at the time he was found dead, *held* material to the issue and properly admissible.

2. INSURANCE, § 747*—*when amended by-law of benefit association becomes part of contract.* Where the terms of the policy and the application therefor make the provisions of the by-laws then in force and the provisions of all subsequent amendments, alterations

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.